**Roy VICKERS, Appellant,**

v.

**FIREMAN'S FUND AMERICAN INSURANCE CO., Appellee.**

**No. 4844.**

Court of Civil Appeals of Texas.

Waco.

Sept. 18, 1969.

Rehearing Denied Oct. 9, 1969.

Fischer, Wood, Burney & Nesbitt, James Harris, Corpus Christi, for appellant.

Matthews & Matthews, Arthur Schroeder, Jr., Dallas, for appellee.

OPINION

WILSON, Justice.

Defendant Vickers appeals from an order overruling his plea of privilege. Plaintiff seeks to maintain venue under subd. 5, Art. 1995, Vernon's Ann.Civ.St.

Plaintiff sued Roy Vickers, individually and "d/b/a Vickers Construction Co." on two 1968 promissory notes payable in the county of suit. The notes recited, "I, we, or either of us promise to pay" the amounts of the notes. They were signed: "Roy Vickers". Beneath the written signature on each were typed on two lines: "Roy Vickers" and "Vickers Construction Company".

Defendant's plea of privilege alleged he was not doing business under an assumed name, and was not liable "in the capacity in which he is sued". There was no plea of non est factum. Plaintiff then filed an amended petition and controverting plea in which Roy Vickers was named defendant and the "d/b/a Vickers Construction Co." was omitted. After a nonjury hearing the plea of privilege was overruled. We affirm.

There is no material evidence except the two notes. Defendant offered no evidence,

but apparently contends that his allegation in the plea of privilege that he was not liable in the capacity in which he is sued imposed on plaintiff the burden to prove defendant signed the notes in his individual capacity, rather than as agent for a corporation. This he argues from the provisions of Rule 93(c), Texas Rules of Civil Procedure which requires a plea as to such capacity to be verified.

By defendant's failure to deny execution of the notes by verified plea, execution was established. Rule 93(h), Texas Rules of Civil Procedure.

That defendant executed the notes in his individual capacity was likewise established under the present record. Sec. 3.403(b) (2), Uniform Commercial Code, V.T.C.A., provides: "An authorized representative who signs his own name to an instrument" is "personally obligated if the instrument names the person represented but does not show that the representative signed in a representative capacity". No "office" as referred to in subd. (c) of that statute appears on the face of the present notes.

Defendant's contention that parol evidence may be admissible under certain sections of the statute is not tenable. He introduced no evidence. Affirmed.